UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEFFON LOREN FLOYD,

      Petitioner,

                           Civil Case No. 22-12690

v.                              Honorable Linda V. Parker

CHRIS KING,

      Respondent.

_____/

## ORDER DENYING RESPONDENT'S MOTION TO DISMISS (ECF No. 8) AND DIRECTING RESPONSIVE PLEADING

Steffon Loren Floyd, an individual incarcerated in the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction on seven grounds. (ECF No. 1.) Respondent filed a motion to dismiss the petition, asserting that Petitioner did not exhaust his state court remedies with respect to his fifth, sixth, and seventh claims. (ECF No. 8 at Pg ID 182-83.) Petitioner filed a response stating that he wishes to delete his unexhausted claims and proceed on his four exhausted claims. (ECF No. 10 at Pg ID 1556.)

Before filing a federal habeas petition, a state prisoner must exhaust his claims by presenting them to the courts at each level of the state judicial system. *See* 28 U.S.C. § 2254(b)(1)(A); *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir.

2009). A federal court cannot grant habeas relief if the petitioner still has state remedies available. *See* § 2254(b)(1)(B); *Wagner*, 581 F.3d at 415. The exhaustion rule applies to petitions that, as here, contain a mix of exhausted and unexhausted claims.

Where a habeas court is presented with a mix of exhausted and unexhausted claims, it has discretion to:

> dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit.

*Harris v. Lafler*, 553 F.3d 1028, 1031–32 (6th Cir. 2009) (citing *Rhines v. Weber*, 544 U.S. 269, 274–78 (2005)).

Before dismissing or staying a mixed petition in its entirety, however, the district court must give the petitioner an opportunity to delete his unexhausted claims and proceed with only his exhausted claims. <u>Rhines</u>, 544 U.S. at 278. Here, Petitioner has opted to delete his unexhausted claims and proceed with his exhausted ones.

Accordingly,

**IT IS ORDERED** that Respondent's motion to dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that Respondent shall file a responsive

2

pleading to the habeas petition and any additional Rule 5 material within **sixty (60) days** of the date of this order. Petitioner may file a reply brief within **thirty (30) days** of the filing of Respondent's responsive pleading.

      **IT IS SO ORDERED.**

                                      s/ Linda V. Parker

                                      LINDA V. PARKER

                                      U.S. DISTRICT JUDGE

Dated: June 15, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 15, 2023, by electronic and/or U.S. First Class mail.

                                      s/Aaron Flanigan

                                      Case Manager